IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 19 PM 4: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

MILTON STEWART,                  χ
                                 χ
          Plaintiff,             χ
                                 χ
vs.                              χ        No. 05-2302-M1/V
                                 χ
KTG (USA) LP,                    χ
                                 χ
          Defendant.             χ
                                 χ

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

     Plaintiff Milton Stewart filed a pro se complaint
pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e et seq., on April 26, 2005, along with an application seeking
leave to proceed in forma pauperis. Based on the information set
forth in the Plaintiff's affidavit, the motion to proceed in forma
pauperis is GRANTED. The Clerk shall record the Defendant as KTG
(USA) LP.[1]

_____

     [1]     The Complaint names as the sole Defendant Mike Cline, who is not
mentioned in the text of the Complaint but who is identified in the case caption
as site manager of KTG (USA) LP. There is no personal liability under the
employment discrimination statutes against a co-worker or supervisor who does not
otherwise qualify as an "employer." Wathen v. General Electric Co., 115 F.3d 400,
405 (6th Cir. 1997). However, because pro se complaints are to be liberally
construed, Haines v. Kerner, 404 U.S. 519 (1972), and because the Plaintiff named
KTG (USA) LP as the Respondent in his charge filed with the Equal Employment
                                                        (continued...)

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 7-20-05



The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). One aspect of Plaintiff's Complaint is subject to dismissal.

"In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991). Moreover, the plaintiff's complaint must be "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." EEOC v. Bailey, 563 F.2d 439, 446 (6th Cir. 1977) (internal citations omitted). In dealing with pro se litigants, courts have tended to be more lenient in their assessment of what is contained in the charge and its relationship to the content of the complaint. As the Sixth Circuit explained:

One reason for the expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be

---

[1]    (...continued)
Opportunity Commission ("EEOC"), the Court construes the Complaint as brought against KTG (USA) LP. The Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with respect to Cline.

restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include "the exact wording which might be required in a judicial pleading."

Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (citation omitted); see also Ang, 932 F.2d at 546 (declining to broadly construe a Title VII charge because the plaintiff "was assisted by counsel throughout the administrative investigation. Liberal construction is not necessary where the claimant is aided by counsel in preparing his charge."). Thus, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. Davis, 157 F.3d at 463.

In this case, the Complaint alleges claims of race discrimination and retaliation. The EEOC charge, which is attached to the Complaint, indicates that the Plaintiff only exhausted a race discrimination claim in connection with his termination. Nothing on the face of the charge indicates that the EEOC was on notice that the Plaintiff also contends he was terminated in retaliation for protected activity. Accordingly, the Court DISMISSES the Complaint, to the extent it purports to assert a retaliation claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

It is ORDERED that the Clerk shall issue process for the Defendant and deliver said process to the marshal for service. A

copy of this order shall be served on the Defendant along with the summons and complaint. Service shall be made on the Defendant pursuant to Fed. R. Civ. P. 4(h)(1). All costs of service shall be advanced by the United States.

It is further ORDERED that the Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the Defendant, or on the Defendant if it has no attorney. The Plaintiff shall make a certificate of service on every document filed. The Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this ___19___ day of July, 2005.


JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in
case 2:05-CV-02302 was distributed by fax, mail, or direct printing on
July 20, 2005 to the parties listed.

Milton Stewart
1157 Breedlove
Memphis, TN 38107

Honorable Jon McCalla
US DISTRICT COURT